UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAYRA MEJIA,<br>    Plaintiff,<br><br>vs.<br><br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>    Defendant. | Case No.: 1:19-cv-177 |

**COMPLAINT FOR REVIEW OF FINAL DECISION DENYING
DISABILITY INSURANCE BENEFITS TO PLAINTIFF**

Comes now the Plaintiff, Mayra Mejia, by counsel, Andrew Homan, and for her complaint for Damages against Defendant Prudential Insurance Company of America states as follows:

### I. Parties and Jurisdiction

1. That Plaintiff is a citizen of the State of Indiana residing in Clinton County.

2. That Defendant administers a welfare benefit plan for the employees of CNH Industrial, a company in Boone County in the State of Indiana.

3. That Defendant, provides disability insurance coverage to participants working in the County of Boone, State of Indiana.

4. That CNH Industrial has contracted with Prudential Insurance Company of America to provide long term disability insurance to its qualified employees.

5. This action arises under section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 18 *et seq.*

6. This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343(a)(3) in that the action arises under the laws of the United States.

7. Venue is proper in the Southern District of Indiana Pursuant to 28 U.S.C. § 1391.

## II. Factual Allegations – Arbitrary and Capricious Denial of Benefits Owed

8. That Plaintiff, Mayra Mejia, was an employee of CNH Industrial 420 S Enterprise Blvd, Lebanon, IN 46052 where in her capacity as an employee she was a participant in the "Plan."

9. That Plaintiff stopped working on September 26, 2016 due to her conditions and applied for and was granted short-term disability benefits by Defendant.

10. The last payment under the short-term disability was on or about February 2017 after Plaintiff had received the maximum benefit allowed under the plan.

11. Plaintiff was denied long-term disability benefits.

12. That Plaintiff administratively appealed this denial, as she suffers from numerous impairments that qualify her for continuing benefits under the terms of the plan.

13. Plaintiff's appeal was denied.

14. Plaintiff has exhausted the plan's administrative appeals process.

15. Plaintiff is entitled to receive long-term disability benefits due to her multiple impairments.

16. That Defendant has wrongfully refused to award Plaintiff disability benefits and wrongfully withheld money rightfully due Plaintiff as a disabled insured participant under her policy and the Plan.

17. Defendant's decision denying her disability benefits was arbitrary and capricious.

18. Prudential Insurance Company of America is the payer of the claim.

19. Prudential Insurance Company of America has a financial interest in the outcome of the claim.

20. Prudential Insurance Company of America has a conflict of interest in that Prudential Insurance Company of America must decide whether the claim should be paid, and then make the payments on the claim if it so chooses.

21. That as a result of Defendant's conduct, Plaintiff has been denied benefits rightfully due her under the plan and has incurred Attorney fees in order to rectify the harm done to her.

22. Plaintiff is entitled to relief under the Employee Retirement Income Security Act of 1974. The policy provided is an "employee welfare benefit plan" pursuant to 29 U.S.C. § 1002 which states that "employee welfare benefit plan" and "welfare plan" mean "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services." *Id.*

WHEREFORE, Plaintiff respectfully requests that this court provide the following relief:

1. Provide the benefits promised under the terms of the plan retroactively to the date of application for long term-disability benefits minus payments for credits received under said policy;

2. Award Plaintiff attorney's fees and costs incurred in connection with this litigation; and

3. Award Plaintiff such other relief as the Court deems just and proper.

Dated: January 17, 2018

                              By: /s/ Andrew Homan
                                  Andrew Homan (31823-49)
                                  Homan Legal
                                  333 N. Alabama St.
                                  Indianapolis, IN 46204
                                  (317) 941-6996
                                  Fax: (317) 286-6784
                                  andrew@homanlegal.com
                                  Attorney for Plaintiff